IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM H. VIEHWEG, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-3234 |
| CITY OF MT. OLIVE, IL, et al., | ) |
| Defendants. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff William T. Viehweg's Motion to Amend Judgment (d/e 37) (Motion). The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before this Court. <u>Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction and Consent to the Exercise of Jurisdiction by a United States Magistrate Judge</u>, entered May 30, 2013 (d/e 34). The Court has reviewed the motion and determined there is no need for oral argument, therefore that request is denied. For the reasons set forth below, the Motion is DENIED.

As an initial matter, the Court addresses the timeliness of the Motion. This Court dismissed this case by its Opinion entered June 6, 2013 (d/e 35) (Opinion). Viehweg filed the Motion on Monday July 8, 2013. Motions to alter or amend a judgment must be filed within 28 days of the judgment.

Fed. R. Civ. P. 59(d). The twenty-eighth day after entry of the Opinion was Independence Day, Thursday July 4, 2013. In such cases, the time for filing is extended to the next day that is not a Saturday, Sunday, or legal holiday; in this case, Friday July 5, 2013. Fed. R. Civ. P. 59(a)(2)(C). The Clerk's Office, however, was closed and inaccessible on Friday July 5, 2013. In such cases, the time for filing is extended to next day that is not a Saturday, Sunday or legal holiday; in this case, Monday July 8, 2013. Fed. R. Civ. P. 59(a)(3). Therefore, the Motion was timely filed on July 8, 2013.

To prevail on the Motion, Viehweg must clearly establish the existence of a manifest error of law or fact, or must present newly discovered evidence. Fed. R. Civ. P. 59(e); Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012); see Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Viehweg presents newly discovered evidence. The evidence presented does not demonstrate a right to a claim.

Viehweg brought a number of claims under 42 U.S.C. §1983 based on the Defendants' efforts to force the demolition of Viehweg's garage. See Opinion at 2-7. Viehweg primarily raised due process claims. The Court found that Viehweg failed to state a claim because he alleged that none of the Defendants touched the garage, but only threatened to bring a

lawsuit.  Therefore, his rights to procedural due process would be protected by the procedures afforded by a judicial proceeding.  The Court further found that the Defendants' alleged behavior did not shock the conscience so as to violate substantive due process.  See Opinion at 11-17.

Viehweg's alleged new evidence fails to indicate anything that would entitle him to a claim.  Much of the evidence concerns acts taken by the Defendants against other property owners in Mt. Olive, Illinois.  These allegations do not demonstrate any new evidence of a violation of Viehweg's rights.  Viehweg further does not indicate that he has any standing to seek redress for the other individuals affected by the Defendants' conduct.  See MainStreet Organization of Realtors v. Calumet City, Ill., 505 F.3d 742, 746 (7th Cir. 2007 ("[O]ne cannot sue in a federal court to enforce someone else's legal rights.").  The evidence does not provide a basis for reopening the judgment and allowing an amended complaint.

Viehweg also reports that the Illinois Court vindicated his rights.  Viehweg reports that the Defendant City of Mt. Olive, Illinois, proceeded with the threatened lawsuit to secure a court order to demolish Viehweg's garage.  Viehweg reports that he prevailed in the lawsuit.  Memorandum of Law in Support of Plaintiff's Motion to Amend Judgment (d/e 38), at 2.

Viehweg, therefore, was afforded due process by the Courts of the State Illinois. His rights to due process were vindicated, not violated. These new allegations do not provide a basis for amending the judgment and allowing an amended complaint.

Viehweg also states in the Motion that during discovery, he uncovered evidence that the Defendant City of Mt. Olive police department "created multiple police department records with deliberate and knowingly false information to put the plaintiff in a false a bad public light." Motion ¶ 25. In addition, "The police department searched police department files pertaining to criminal history of the plaintiff, and released confidential information to put the plaintiff in a false and bad public light." Id. These claims, if true, may indicate some wrongful publication of false information by some members of the police department. A wrongful publication of false information by itself, however, does not violate a person's constitutional rights, "Defamatory publications by a state official, however seriously that may harm someone, do not deprive that person of any liberty interests protected by the due process clause." Elbert v. Board of Ed. Of Lanark Community Unit School Dist. No. 305, Carroll County, Ill., 630 F.2d 509, 512 (7th Cir. 1980); see Smith v. City of Chicago, 992 F.Supp. 1027, 1030

(N.D. Ill. 1998).[1]  Viehweg may or may not be able to pursue a claim under Illinois law in the appropriate state tribunal, but he does not have a constitutional claim based on these false publications.

The other alleged new evidence similarly does not demonstrate a violation of Viehweg's constitutional rights.  Viehweg fails to present any new evidence that demonstrates a right to reopen the judgment in this case.

WHEREFORE Plaintiff's Motion to Amend Judgment (d/e 37) is DENIED.

ENTER:  August 14, 2013

        *s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE

---

[1] Publically stigmatizing a person may state a claim for a denial of a liberty interest if the wrongful publication was accompanied by an adverse employment action, such as a failure to rehire.  <u>Elbert</u>, 630 F.2d at 512.  Viehweg does not allege any facts related to employment.  The alleged false disclosures, therefore, do not violate due process.